UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD M. THOMAS, | No. 2:13-cv-1645 CKD P |
| Petitioner, | |
| v. | ORDER |
| GARY SWARTHOUT, | |
| Respondent. | |

Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. In 2010, and in accordance with a plea agreement, petitioner was sentenced to 15 years imprisonment for residential burglary, automobile burglary and two counts of receiving stolen property. Petitioner seeks to have his guilty plea vacated. Both parties have consented to have all proceedings in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

I. Background

The factual basis for petitioner's guilty plea presented when petitioner pled guilty is as follows (RT 8-9):

> About 4:11 in the morning [on March 12, 2010], Stockton Police officers were dispatched to the areas of Kimiyo . . . Street and Gayle Court for a suspicious vehicle here in San Joaquin County, City of Stockton. They saw a gray vehicle parked on the side with two people standing next to the car, it was the two defendants.

1

>Mr. Deed was observed dropping a pair of pliers onto the grass. Mr. Thomas was holding a black purse. The officers looked into the car and they found a lap top, along with two plastic gray containers full of tools, camera equipment. They went to investigate the address located on the license in the purse. They found the door to the residence open. The house had been burglarized. The property was found in the car. The defendants had no permission to have any of the property. In addition . . . the gray bin containing the tools was later determined that another residence – excuse me, not residence, a shed had been broken into. The tools had been taken from the shed. The victim on that case did not know the defendants, nor give them permission to have the tools.
>
>As for the auto burglary, the keys were taken from the initial residence. The car door was opened and the car was rummaged through. They had no permission to go in that vehicle as well.

The claims presented in this action were presented to California's courts on collateral review. Both claims were rejected. See ECF No. 20, Docs 5-13.

II. Standard For Habeas Corpus Relief

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)." It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

>A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the

2

> state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).

When a state court rejects a federal claim without addressing the claim, a federal court presumes the claim was adjudicated on the merits, in which case § 2254(d) deference is applicable.  Johnson v. Williams, 133 S. Ct. 1088, 1096 (2013).  This presumption can be rebutted.  Id.

It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law.  "Clearly established" federal law is that determined by the Supreme Court.  Arredondo v. Ortiz, 365 F.3d 778, 782-83 (9th Cir. 2004).  At the same time, it is appropriate to look to lower federal court decisions as persuasive authority in determining what law has been "clearly established" and the reasonableness of a particular application of that law.  Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999); Clark v. Murphy, 331 F.3d 1062 (9th Cir. 2003), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63 (2003); cf. Arredondo, 365 F.3d at 782-83 (noting that reliance on Ninth Circuit or other authority outside bounds of Supreme Court precedent is misplaced).

/////

/////

/////

III. <u>Petitioner's Claims And Analysis</u>

    A. <u>Challenges To Guilty Pleas Generally</u>

The types of claims a habeas petitioner may assert to challenge a guilty plea and the resulting sentence are substantially more limited than the types of claims a petitioner may bring after proceeding to a trial by jury:

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no relationship to the prosecutor's business (e.g. bribes).

<u>Brady v. United States</u>, 397 U.S. 742, 755 (1970).

More generally, any claims which do not concern whether petitioner entered his plea voluntarily and intelligently are rarely cognizable in a federal habeas action. See <u>Boykin v. Alabama</u>, 395 U.S. 238, 242 (1969). This is because:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

<u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973).

Where a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." <u>Mann v. Richardson</u>, 397 U.S. 759, 771 (1980). To establish that a guilty plea was involuntary due to ineffective assistance of counsel, petitioner must show that: (1) counsel's recommendation to plead guilty was not within the range of competence demanded of attorneys in criminal cases; and (2) that there is a reasonable probability that, but for counsel's errors, petitioner would not have pled guilty and would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 56-59 (1985).

4

B. <u>Ineffective Assistance of Counsel</u>

Petitioner claims his trial counsel was ineffective for failing to adequately pursue a claim that petitioner was not competent to stand trial before petitioner pled guilty. Essentially, petitioner asserts trial counsel failed to adequately investigate petitioner's mental state and failed to obtain medical records regarding petitioner's mental state.

A criminal defendant may not be subjected to a trial or plead guilty if he is not mentally competent. <u>Godinez v. Moran</u>, 509 U.S. 389, 396 (1993). "To be competent . . . a defendant must demonstrate an ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him." <u>Douglas v. Woodford</u>, 316 F.3d 1079, 1094 (9th Cir. 2003).

It appears the trial court first questioned petitioner's competency to stand trial on April 6, 2010. CT 12. It is not clear why. On July 29, 2010, petitioner was found competent to stand trial based upon reports from two psychiatrists who indicated that, during their interviews with petitioner, it appeared to them that petitioner was feigning mental illness. CT 33; Am. Pet., Exs. E & F.

As indicated above, to prevail on a claim of ineffective assistance of counsel where the habeas petitioner pled guilty, the petitioner must show that counsel's recommendation that the petitioner plead guilty was, essentially, the result of incompetence. While petitioner asserts his trial counsel did not adequately investigate whether petitioner was competent to stand trial, and did not adequately present evidence of petitioner's incompetency to the court, petitioner fails to point to anything suggesting that had counsel done all petitioner believes he should have, petitioner would have been found incompetent to stand trial. While petitioner points to evidence suggesting petitioner had mental health issues in his past, there is nothing before the court which even arguably demonstrates petitioner's issues were so significant that petitioner was not able to consult with his trial counsel or understand the proceedings against him. Furthermore, he fails to point to any evidence which undermines the conclusion that petitioner faked mental illness while being examined by court appointed psychiatrists. Because petitioner fails to show his trial counsel acted "outside the range of competence demanded of attorneys in criminal cases" by

recommending that petitioner plead guilty and not pursue a finding of incompetence to the degree suggested by petitioner, petitioner's ineffective assistance of counsel claim must be rejected.

### C. Competency Proceedings

Petitioner asserts flaws with his competency proceedings render his guilty plea invalid. Essentially, petitioner takes issue with the fact that the only evidence presented at the competency proceedings consisted of the psychiatrist reports referenced above.

Generally speaking, a criminal defendant is entitled to a hearing as to his competency to participate in trial court proceedings where the evidence before the trial court raises a "bona fide doubt" as to defendant's competence. Pate v. Robinson, 383 U.S. 375, 385 (1966). Here, it is not clear from the record that a competency hearing was even required as no clear basis for the hearing which was held appears in the record. As for the hearing itself, petitioner does not indicate the court denied him the ability to present any evidence or denied petitioner any other Constitutional right.[1] Petitioner's issue is more with counsel's performance at the hearing as addressed above. In any case, petitioner has not shown that anything which did or did not occur at competency proceedings entitles him to habeas relief.[2]

### D. State Court Deference

As indicated above, petitioner's claims fail for lack of merit. Petitioner is also barred from obtaining relief here by 28 U.S.C. § 2254(a) since the adjudication of petitioner's claims in California's courts does not result in a decision contrary to, or involving an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Furthermore, the rejection of petitioner's claims by California's courts is not based upon an unreasonable determination of the facts.

---

[1] At a competency hearing, the defendant is entitled to be present, have counsel, be heard, present evidence and test any evidence presented. U.S. v. Day, 949 F.2d 973, 982 (8th Cir. 1991). See Medina v. California, 505 U.S. 437, 451 (1992) (state must afford criminal defendant asserting incompetence a reasonable opportunity to demonstrate incompetence).

[2] Petitioner identifies a third "ground" for relief: "Petitioner's Appellate Rights Not Waived." This is not an actual basis upon which the court could grant habeas relief. Rather, it is essentially an argument as to why the claims above are not waived by petitioner's plea of guilty.

/////

In accordance with the above, IT IS HERERBY ORDERED that:

1. Petitioner's application for writ of habeas corpus is denied;

2. This case is closed; and

3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated: May 19, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

[1] thom1645.157